W. IRVING MILLER, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Special verdict cannot be enlarged by intendment — stolen goods must have been feloniously received, to authorize a conviction.*

Upon the trial of an indictment charging the prisoner with having feloniously received stolen property, knowing it to have been stolen, the jury brought in a verdict in writing, finding "the prisoner guilty of receiving stolen goods, knowing them to be stolen."

*Held*, that the verdict was a special one and could not be enlarged by intendment; and that as it did not find that the prisoner received the goods feloniously, it was not sufficient to sustain a conviction.

WRIT of error to the Court of Sessions of Schenectady county to review the conviction and sentence of the plaintiff in error of receiving stolen goods, knowing them to have been stolen. The first count of the indictment charged that the plaintiff in error feloniously broke into a freight car in the night-time and carried away five barrels of flour, and the second count charged him with having feloniously received the said five barrels of flour, knowing them to have been stolen.

*J. H. Clute*, for the plaintiff in error.

*J. T. Schoolcraft*, district-attorney, and *W. P. Goodelle*, for the people.

BOCKES, J.:

A leading and, as I think, the controlling question in the case arises on the form of the verdict and the effect to be given it.

There was no conviction of the prisoner under the first count of the indictment for burglary. As to this there is no question; then does the record show his conviction under the second count, for *feloniously* receiving stolen property, knowing it to have been stolen. When the jury first returned into court the verdict was given as follows: "We find the prisoner *guilty under the last count* in the indictment of receiving stolen goods, knowing them to be stolen." This was a general verdict of guilty under the second count, and would have been all that was necessary to a perfect record conviction had it been placed on the record and remained there as the final verdict of the jury. The count averred that the prisoner *feloniously* received, etc., and a verdict of guilty under such count would have been a finding against him on this averment. But it seems that this verdict was not accepted. It was not entered in the minutes of the trial. It being objected to, the court said to the jury: "Gentlemen—If you wish to do so, you may now retire and *consult again*, and put your verdict in form." Thereupon the jury retired to their room, and having further deliberated, returned and gave their verdict *in writing*, as follows: "We find the prisoner guilty of receiving stolen goods, knowing them to be stolen." This verdict was accepted as the final verdict of the jury, and was entered as rendered in the minutes of the trial kept by the clerk, and was the only one of which record was made. This was not a general verdict of guilty, as it would have been had it been given, guilty under the second count of the indictment, or guilty as therein charged. But it was a special verdict. A special verdict cannot be enlarged by intendment. It cannot be held to mean more than is expressed by it. So the verdict cannot be held to be a finding that the prisoner *feloniously* received the property, although it be found that he received it, knowing it to have been stolen. It was held in *The People* v. *Johnson* (1 Park., 564), that in order to constitute the crime of receiving stolen goods, knowing them to have been stolen, the stolen property must be received feloniously. This was also held in *Chatterton* v. *The People* (15 Abb., 147), where CLERKE, J., says: "A person may indeed receive goods and know them to have been stolen without being guilty of a criminal act, for he may receive them with the intention of restoring them to the owner." The verdict, therefore, here rendered was insufficient to

convict the prisoner, as it was not a general verdict of guilty as charged in the second count of the indictment, and as a special verdict it did not find him guilty of *feloniously* receiving stolen goods, knowing·them to have been stolen.   The conviction and judgment must consequently be reversed.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and conviction reversed, and case remitted to Sessions for new trial.